**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MEGGAN HILL, BENJAMIN GORGES, CHRISTINA CONTE WARTINBEE, COLEEN HILL, DENNIS LITTLEY, FLORIAN NOUH, HEATHER SZUTKA, LAZY CAT ENTERPRISES, LTD., MARCO VERCH, MARINA HELENE ASCHABER, MELISSA COPELAND, MICHELLE MINNAAR, RENEE ROBLEY SMITH, SARAH TRENALONE, and KATHLEEN BERGET,

        Plaintiffs,

    v.

TOAST, INC.,

        Defendant.

Civil No. 1:23-cv-06016-SCJ

**DEFENDANT TOAST, INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM BRIEF**

Defendant Toast, Inc. ("Toast") respectfully submits this Motion to Dismiss Plaintiffs Meggan Hill, Benjamin Gorges, Christina Conte Wartinbee, Coleen Hill, Dennis Littley, Florian Nouh, Heather Szutka, Lazy Cat Enterprises, Ltd., Marco Verch, Marina Helene Aschaber, Melissa Copeland, Michelle Minnaar, Renee Robley Smith, Sarah Trenalone, and Kathleen Berget's (collectively "Plaintiffs") First Amended Complaint (the "Complaint") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Additionally, in the alternative and without waiver of the personal jurisdiction defense, Defendant moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

A review of Plaintiffs' short Complaint makes it clear that Plaintiffs cannot explain why this case should be brought in Georgia and cannot explain why Toast – which offers a platform allowing local restaurants to advertise their menu offerings and arrange take-out and delivery – should be responsible for the alleged infringing acts of its users. Through its cursory pleadings, the Complaint is not only silent as to why a Delaware-incorporated, Massachusetts-headquartered company should be considered "at home" in Georgia, but also fails to allege that Toast engaged in *any* allegedly infringing acts within this forum. Because

Plaintiffs do not – and cannot – allege that Toast is subject to either general or specific personal jurisdiction within Georgia, dismissal is required. Even if the Court were to conclude that personal jurisdiction exists (it does not) the case should be dismissed because venue is inappropriate in this district.

Even if personal jurisdiction existed and this Court were the proper venue, the case should be dismissed for failure to state a claim. The operator of an internet platform that merely provides a virtual location for third parties to display text and imagery – without more – cannot be liable for the acts of its users. While an internet service provider may be liable for *volitional* acts of infringement, simply pleading that such a provider offers server space to users to display images and text they wish to upload is not enough. Here, Plaintiffs' Complaint fails to plausibly allege that Toast was actively responsible for the copying or displaying of any purportedly infringing material.

Indeed, Plaintiffs' own repeated citations to Toast's online platform makes it clear Plaintiffs' allegations of copyright infringement are entirely attributable to Toast's individual user restaurants, not the Toast TakeOut Platform on which those users advertised their menus. Nor do Plaintiffs make any plausible allegation that Toast could be indirectly liable for any third-party user based infringement that might occur on Toast's platform. As such, because Plaintiffs do not plausibly allege that Toast is responsible for the claimed infringement of Plaintiffs'

copyrights, Plaintiffs Complaint must also be dismissed for failure to state a claim which can be granted.

## II.    FACTUAL BACKGROUND

Defendant Toast is a Massachusetts-based, Boston-headquartered company offering cloud-based, all-in-one digital technology services for the restaurant industry. *See* Declaration of Todd Marabella ("Marabella Decl."), Exhibit A (Delaware Certificate of Incorporation); Exhibit B (Toast's website at <https://careers.toasttab.com/locations-toast>). Toast developed and provides multiple software as a service, or SaaS, solutions allowing its user restaurants to improve operations, increase sales, and create a better guest experience.

Of specific relevance to this dispute, Toast offers user restaurants an online ordering and delivery platform, the Toast TakeOut Platform (the "TakeOut Platform"). This TakeOut Platform allows user restaurants to design a restaurant specific web page (a "User Page") displayed both on Toast's website www.toasttab.com and simultaneously on Toast's TakeOut online ordering app.[1] A

_____

[1] While a district court generally cannot consider "matters outside the pleadings" on a motion to dismiss without converting the motion into a motion for summary judgment (Fed. R. Civ. P. 12(d); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007); *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010), a clear exception exists when "[1] a plaintiff refers to a document in its complaint, [2] the document is central to [his] claim, [3] its contents are not in dispute, and [4] the defendant attaches the document to its motion to dismiss." *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014) (*quoting Stephens, Inc.*, 500 F.3d at 1284), abrogated in part on other

consumer can then review the menu displayed on a restaurant user's User Page and order meals from that user to be delivered or prepared for take-out.

Whenever a user restaurant registers to use the TakeOut Platform, that restaurant gains control over a blank template menu page which that user can customize by uploading text and imagery describing the user's menu offerings. Each User Page makes it clear that it is a specific user restaurant, and not Toast, is responsible for the content of a given User page.

As but one example, the first listing in Plaintiffs' Ex. 1 links to the page located at <https://order.toasttab.com/online/mid-atlantic-seafood-hyattsville>, which prominently displays the name of the page's user (Mid Atlantic Seafood); provides that restaurant's address and map location; lists the menu offerings that the user uploaded to the platform; allows consumers to order food for pickup at those specific locations; and displays links to Toast's terms of service, which as discussed above, makes it clear that Toast merely provides a platform for user

_____

grounds by *Tibble v. Edison Int'l*, 575 U.S. 523 (2015).

Here, Plaintiffs' Complaint relies heavily on citations to Toast's website at <toasttab.com> for Plaintiffs' claims of infringement. Specifically, Plaintiffs allege that Toast's purported infringement is "evidenced by the documents attached hereto as Exhibit 1" (D.I. 15 ¶ 37), and that exhibit consists of links to individual restaurant User Pages displayed on <toasttab.com>. *See id*., Ex. 1. As the only part of the pleading that endeavors to identify what artwork Plaintiffs claim has been infringed, and where that infringement can be found, Plaintiffs' linking to the toast website is clearly central to Plaintiffs claims and thus must be incorporated into the complaint. *Fuller*, 744 F.3d at 696.

restaurants to display their wares. *See* D.I. 15, Ex. 1 at 1 (linking to

https://order.toasttab.com/online/mid-atlantic-seafood-hyattsville); *see also*

Attachment 1 (reproducing Mid Atlantic Seafood User Page)

The Complaint does not (and cannot) allege that Toast is not involved in any

way in the design or development of these user pages. The Complaint does not

(and cannot) allege that Toast controls how users customize their User Pages. The

Complaint does not (and cannot) allege that Toast provided the accused

photographs for the users to include on that User Page. Indeed, the TakeOut Terms

of service linked on each page cited by the Plaintiffs in the Complaint make it clear

that Toast merely provides a platform where user restaurants can display their

menus, and that Toast was not responsible for any of the content found on each

Page:

- "Toast provides a variety of technology products and services to Toast Merchants. Such Toast services enable dining customers ("Guests") to interact with Toast Merchants in a variety of ways, including without limitation to (i) place orders for food, beverages, and other items provided by the Merchant ("Purchases"), (ii) join a waitlist or make a reservation at a Toast Merchant, (iii) communicate with a Toast Merchant and vice versa ("Merchant Communications"). Additionally, Toast facilitates Purchases with Merchants and processes Guests' payments to Merchants on behalf of each Merchant for those purchases with an eligible Payment Method ("Payment Transaction")." D.I. 15, Ex. 1 (linking to User Pages which display the Toast Terms of Service found at <https://pos.toasttab.com/terms-of-service>); *see also* Attachment 2 (reproducing Toast Terms of Service).

- "[E]ach Merchant is solely responsible and liable for all marketing, selling, pricing, packaging, and provision of any products or services

offered to Guests through the Services in compliance with all Applicable Law and Rules." *Id.*

- "Through your use of the Services you may be presented with material provided by third parties, not owned or controlled by us, from our partners, Merchants, and/or from other users of the Services, including but not limited to links to websites or other materials, software, text, graphics, videos, images, or advertising content (collectively referred to as 'Third-Party Content')." *Id.*

## III.  LEGAL STANDARDS

### A. Personal Jurisdiction

It is a plaintiff's burden to establish a prima facie case of personal jurisdiction over a defendant. *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021). "When a defendant submits an affidavit contesting the basis for personal jurisdiction, the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

### B. Venue

When a defendant moves to dismiss under Rule 12(b)(3), the plaintiff bears the initial burden of to establish that venue is proper. *Erikson v. Focus Receivables Mgt., LLC,* No. 1:10-CV-1381-CC-JFK, 2011 WL 13318623, at *2 (N.D. Ga. Feb. 24, 2011); *Securities and Exch. Comm'n v. Dishinger*, No. 1:22-CV-3258-TWT, 2023 WL 2763120, at *2 (N.D. Ga. Apr. 3, 2023). "Once the defendant comes forward with evidence that venue is improper, the plaintiff cannot reply on mere venue allegations in its complaint to maintain its chosen venue." *S. Visions, LLP v.*

*Red Diamond, Inc.*, No. 1:18-CV-04566-ELR, 2018 WL 8221528, at *4 (N.D. Ga. Dec. 10, 2018). Well-pleaded facts in a complaint are accepted as true "only to the extent that such facts are uncontroverted by defendant's affidavit." *Id*.

In a civil action, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporate defendant is understood to "reside" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question" and, in multi-district states such as Georgia, in any district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *See* 28 U.S.C. §§ 1391(c), (d).

## C. Failure to State a Claim

In the Eleventh Circuit:

> the standard to survive a 12(b)(6) motion to dismiss for failure to state a claim is plausibility. That is, to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This standard requires plaintiffs to provide more than naked assertions devoid of further factual enhancement, mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. Ultimately, a complaint may be dismissed for failure to state a claim when, ignoring any mere conclusory statements, the remaining allegations do not plausibly suggest that the defendant is liable.

*Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. ARGUMENT

### A. The Complaint Should Be Dismissed for Lack of Personal Jurisdiction

[A] federal court generally undertakes a two-step analysis to determine whether there is personal jurisdiction over a nonresident defendant. First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. Second, if the court determines that the forum state's long-arm statute has been satisfied, it must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.

*Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022).

Due process requires that the plaintiffs demonstrate (1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the state; and (2) that the exercise of

jurisdiction does not offend "traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The nature and quality of these [minimum] contacts [] vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp*, 216 F.3d at 1291. To satisfy due process, a plaintiff must demonstrate that the Court has either (1) general jurisdiction, where the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State" or (2) specific jurisdiction, which exists where a defendant's contacts with the forum gave rise to the plaintiff's claim. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Within their Complaint, Plaintiffs make only a single reference to personal jurisdiction via the cursory statement that "[t]his Court has personal jurisdiction over the Defendant because Defendant is present at its offices in this District, because Defendant is transacting, doing, and soliciting business in this District, and because Defendant caused Plaintiffs injury in this District." D.I. 15 ¶ 2. Plaintiffs cannot make any factual allegations that Toast is headquartered in Georgia, or incorporated in Georgia, because Toast is emphatically neither. Toast is, in fact, a Delaware corporation headquartered in Massachusetts. Marabella Decl., Ex. A; Ex.

B. And Plaintiffs do not—and cannot—allege that Toast took any actions at all related to this Complaint anywhere in Georgia, as no such actions took place.

Thus, as described below, the Court must dismiss the Complaint for lack of personal jurisdiction.

### 1. There Can Be No General Personal Jurisdiction Over Toast as Toast Is Not at Home Within Georgia

Apart from exceptional cases, a corporation is subject to general personal jurisdiction only in the state where it is incorporated or where it has its principal place of business – in other words, where that company is "at home." *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"); *Waite v. All Acq. Corp.*, 901 F.3d 1307, 1317-18 (11th Cir. 2018). Thus, Toast is not subject to general jurisdiction within Georgia because Toast is emphatically not "at home" within that state.

While Plaintiffs allege without basis that "Defendant is present at its offices in this District" (D.I. 15 ¶ 2), Plaintiffs are wrong. Defendant has no "offices" within this District. Marabella Decl. Ex. B. Toast is incorporated under Delaware law and has its headquarters in Boston, Massachusetts. *Id*.; Marabella Decl. Ex. A. And while Toast may maintain smaller offices in Illinois, California, Nebraska, and Tennessee, it has no ongoing corporate presence within the State of Georgia to establish general jurisdiction. *Id*.

Nor does Plaintiffs' equally cursory and unsupported allegation that "Defendant is transacting, doing, and soliciting business in this District" suffice to establish general personal jurisdiction. The proper inquiry for general jurisdiction is not whether a foreign corporation has *any* identifiable "in-forum contacts"; "it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 138-39.

Other than Plaintiffs' unsupported statement that Toast engages in some sort of undescribed "business" within Georgia (D.I. 15 ¶ 2), the Complaint makes no allegations whatsoever that Toast somehow specially or uniquely targets Georgia itself or consumers within Georgia. Instead Plaintiffs appear merely to imply that because Toast's SaaS platform services are offered to restaurants throughout the country, Toast must be subject to general jurisdiction in Georgia. Such "logic" has long been rejected. "[A] corporation that operates in many places can scarcely be deemed at home in all of them." *Cook v. Montanez*, No. CV 619-109, 2020 WL 2449346, at *2 (S.D. Ga. May 12, 2020) (quoting *Daimler*, 571 U.S. at 139 n.20). Otherwise, entities such as Toast operating platforms available throughout the country would essentially be subject to general personal jurisdiction in every state in the nation, in contravention to established law. *Daimler*, 571 U.S. at 137.

Based on the above, Plaintiffs' Complaint does not provide a basis for

exercising general personal jurisdiction over Toast.

### 2. Plaintiffs Make No Plausible Allegations That Toast Acted Within Georgia Sufficient to Establish Specific Jurisdiction

Plaintiffs' Complaint also fails to sufficiently plead that Toast is subject to specific jurisdiction. To establish that specific jurisdiction is appropriate, a plaintiff must allege that a defendant's contact with the forum state was (1) "related to the plaintiff's cause of action or have given rise to it" (2) involved "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum" (3) "such that [the defendant] should reasonably anticipate being haled into court there." *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994) (quoting *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1992)).  Thus, specific jurisdiction "depends on the affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Beckham v. Baker & Hostetler, LLP*, No. 1:22-CV-4420-MHC, 2023 WL 9957259, at *2 (N.D. Ga. Aug. 17, 2023) (citing *Goodyear*, 564 U.S. at 919)).

Crucially, any claimed "relationship" between the defendant and the forum "must arise out of contacts that the 'defendant [itself] creates with the forum State.'" *Waite v. All Acq. Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018). Thus, there must be a pleading that the conduct underlying a plaintiff's claims is the basis for the necessary connection with the forum State that justifies specific jurisdiction. *Id*.

Here, the Complaint is silent regarding any allegations that Toast undertook activities within Georgia or targeted towards Georgia that in any way underlie Plaintiffs' claims. Indeed, as described below, it is clear from Plaintiffs' own Complaint that Toast did not engage in a single volitional act of infringement anywhere at all, let alone within or directed to Georgia.

In sum, because Plaintiffs cannot plead sufficient minimum contacts with this forum related to the claims at issue, there can be no basis for specific personal jurisdiction. Plaintiffs' claims against Toast must therefore be dismissed.

### B.     The Complaint Should be Dismissed for Improper Venue

Plaintiffs reliance on cursory pleadings also means that the Complaint fails federal venue requirements. The Complaint states simply that "[v]enue is proper, under 28 U.S.C. § 1391(b)(1), (c)(2), and (d), and 28 U.S.C. § 1400(a)." D.I. 15 ¶ 3. Based on this, it appears that Plaintiffs believe that venue is appropriate either because Toast "resides" within the Northern District of Georgia (§ 1391(b)(1)) or because Toast is subject to personal jurisdiction within Georgia (§§ 1391(c)(1) and (d), 1400(a)). Neither contention is correct.

First, as detailed above, Toast does not "reside" within the Northern District of Georgia. *See supra* Section IV(A)(1) at 10-12. Toast is not headquartered within this judicial district, (Marabella Decl., Ex B) and indeed, does not even maintain an office within this forum (*id)*.

Second, as previously discussed, Plaintiffs cannot establish that Toast is subject to specific personal jurisdiction in Georgia because Plaintiffs fail to allege that Toast engaged in any activities within or directed toward the Northern District of Georgia that gave rise to Plaintiffs claims of infringement.

As Plaintiffs cannot establish that Toast is either at home within the Northern District of Georgia or that Toast is subject to personal jurisdiction within this forum, the Court should also dismiss Plaintiffs' Complaint for improper venue.

## C.    The Complaint Fails to Allege that Toast Committed Infringement

It is axiomatic that an entity cannot be found directly liable for copyright infringement without proof of any volitional act by that entity that constitutes or causes the infringement.

> While the Copyright Act does not require that the infringer know that he is infringing or that his conduct amount to a willful violation of the copyright owner's rights, it nonetheless requires conduct by a person who causes in some meaningful way an infringement. Were this not so, the Supreme Court could not have held, as it did in *Sony*, that a manufacturer of copy machines, possessing constructive knowledge that purchasers of its machine may be using them to engage in copyright infringement, is not strictly liable for infringement.

*CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004) (emphasis in original) (citing *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. at 439-42 (1984)); *see also Parker v. Google*, Inc., 242 Fed. Appx. 833, 836 (3d Cir. 2007) ("[T]o state a direct copyright infringement claim, a plaintiff must

allege volitional conduct on the part of the defendant."); *Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006) (same); *Religious Tech. Center v. Netcom On-Line Commc'n Svcs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995) (same). In other words, a plaintiff must allege that a defendant "actively engage[d]" in or "directly cause[d]" the infringing activity in order to properly allege direct infringement. *See, e.g.*, *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017).

That a plaintiff must plausibly plead that a defendant engaged in a volitional act of infringement is not a novel requirement. This simply represents the "unremarkable proposition" that the traditional concepts of proximate causation underline copyright infringement liability. *Id.* at 666. Thus, the fact that a plaintiff must establish that the defendant was the proximate cause of an alleged copyright infringement "is not a judicially-created element of intent or knowledge; it is a basic requirement of causation." *Id.*

For this reason, courts have repeatedly found that a third-party user's unauthorized display of allegedly infringing works on a defendant's website does not – without more – establish a volitional act by that website's owner necessary for a finding of direct infringement liability. *See Disney Enter., Inc. v. Hotfile, Inc.*, 798 F. Supp. 2d. 1303, 1309 (S.D. Fla. 2011); *see also Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v.*

*Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) (finding no infringement where there was "no dispute that the any reproductions, display, or transmission of the Plaintiff's images by or through the KODAK Gallery website is an automated process with no human intervention by any employee of the Kodak defendants."); *Cellco Partnership v. ASCAP*, 663 F. Supp. 2d 363, 370 (S.D.N.Y. 2009) ("a defendant must have engaged in conduct that is volitional or causally related to th[e] purported infringement"); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d. 124, ("direct infringement . . . requires a showing that Defendants engaged in some volitional conduct sufficient to show that they actively engaged in distribution of the copies of Plaintiffs' copyrighted recordings."). Instead,

> [t]o establish direct liability [for copyright infringement] . . . something more must be shown than mere ownership of a machine used by others to make illegal copies. There must be actual infringing conduct with a nexus sufficiently close and causal to the illegal copying that one could conclude that the machine owner himself trespassed on the exclusive domain of the copyright owner.

*Hotfile, Inc.*, 798 F. Supp. 2d. at 1309 (quoting *CoStar Group v. Loopnet Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)).

Here Plaintiffs' perfunctory infringement allegations fail to allege *any* facts suggesting volitional copying by Toast. A review of the Complaint makes it clear that outside of Plaintiffs' reference to Exhibit 1, the following conclusory and unsupported claims represent the entirety of Plaintiffs' allegations against Toast:

- "Toast displayed the Photographs on pages of its website https://www.toasttab.com (the "Website"), copied and distributed the Photographs to its customers for use without required authorization or attribution." D.I. 15 ¶ 28.

- "Toast also used the Photographs as an embedded part of its direct point-of-sale system, allowing customers to choose food orders at restaurant locations after viewing the Photographs directly." *Id*. ¶ 29.

- "Toast accessed the Works, reproduced copies of the Works on its server, and displayed copies of the Works publicly on Toast's Website." *Id*. ¶ 31.

- "Toast also displayed the Photographs through its point-of-sale system." *Id*. ¶ 32.

- "Toast . . . made further copies and distributed the images on the internet to promote the sale of goods and services as part of Toast's online sales business." *Id*. ¶ 35.

To the extent that these cursory pleadings can be said to plausibly describe *any* activities at all, at most they describe the operation of Toast's software as a service platform, that is, a website/application where users can display content. In effect, Plaintiffs' allegations of infringement begin and end with the claim that the TakeOut Platform can be used to display user uploaded photos which can be viewed on consumer devices and on point-of-sale devices running said application. Yet, the fact that Toast operates such a platform that allows others to host and display content – even if that third-party content is later alleged to be infringing – is not enough to establish that Toast engaged in direct copyright infringement.

*Hotfile, Inc.*, 798 F. Supp. 2d. at 1309; *Wolk*, 840 F. Supp. 2d at 742; *Cellco*, 663 F. Supp. 2d at 370; *Arista Records*, 633 F. Supp. 2d. at 124.

Additionally, the Complaint's own repeated citation to individual User Pages on the Toast TakeOut Platform make it clear that it is Toast's users, and not Toast itself, that are responsible for the content underlying Plaintiffs' claims of infringement. D.I. 15, Ex. 1. Each User Page clearly lists a specific user restaurant responsible for that page's content, and interaction with that website directs communications to the user, not to Toast. D.I. 15, Ex. 1 (linking to individual User Pages at toasttab.com); *see also* Attachment 1. And each User Page clearly links to Toast's terms of service which make it clear that Toast is merely providing a platform for its restaurant users and is not responsible for the third-party data uploaded to that platform. D.I. 15, Ex. 1 (linking to User Pages which display the Toast Terms of Service found at <https://pos.toasttab.com/terms-of-service>); *see also* Attachment 2 (reproducing the Toast Terms of Service). As such, based on the Complaint itself, it is clear that while certain restaurant users of Toast's platform may be responsible for the copying and display of images copyrighted by Plaintiffs, Toast definitely is not.

At bottom, Plaintiffs' allegations do not establish that Toast is responsible for the activities of the users on its TakeOut Platform. Additionally, the Complaint makes no claim that Toast is indirectly responsible for any such infringement.

Therefore, as Plaintiffs do not plausibly allege any volitional act attributable to Toast Plaintiffs' claims of infringement must be dismissed.

Respectfully submitted, this 12th day of April 2024.

KHAYAT LAW FIRM

*/s/ Brian D. Spielman*
Robert C. Khayat, Jr.
Georgia Bar No. 416981
Brian D. Spielman 596026
Georgia Bar No.
75 Fourteenth Street, N.E., Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 978-2750
Facsimile (404) 978-2901
rkhayat@khayatlawfirm.com
bspielman@khayatlawfirm.com

*Counsel for Defendant Toast, Inc.*

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

*/s/ Brian D. Spielman*
Brian D. Spielman
Georgia Bar No. 596026

*Counsel for Defendant Toast, Inc.*

**<ins>CERTIFICATE OF SERVICE</ins>**

This is to certify that the foregoing document was electronically filed this day with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

This 12th day of April, 2024.

*/s/ Brian D. Spielman*
Brian D. Spielman
Georgia Bar No. 596026

*Counsel for Defendant Toast, Inc.*